THOMAS E. WILSON, COUNTY CLERK OF GAGE COUNTY,
    ET AL. V. STATE OF NEBRASKA, EX REL. JAMES
    PLASTERS.

FILED DECEMBER 21, 1897.   No. 7567.

1. Counties: ALLOWANCE OF CLAIMS: ITEMS.   A claim against a county
    cannot be audited and allowed in advance of the furnishing of the
    items or the rendition of the services therein charged.

2. ———: ———: COUNTY BOARD.   A county board may not delegate to
    its chairman and clerk the power to audit claims against the
    county.

3. ———: ———: WARRANTS.   It is only after the allowance of a claim
    upon the treasury of a county that a warrant in payment thereof
    may be properly drawn.

ERROR from the district court of Gage county.   Tried
below before BABCOCK, J.   *Reversed.*

*R. W. Sabin* and *J. A. Smith,* for plaintiffs in error.

*George A. Murphy, contra.*

NORVAL, J.

James Plasters was the duly appointed and qualified
deputy county clerk of Gage county, and acted as such
during the month of January, 1894, from the 4th day
of said month.   On the 1st day of the month following
he filed in the office of the county clerk a bill for his
services as deputy during the preceding month, at the
rate of $800 per annum, to-wit, in the sum of $75.08, and
demanded of the respondents Thomas E. Wilson and
Edward B. Sherman, respectively the county clerk and
the chairman of the board of supervisors of said county
of Gage, that they countersign and issue to him a
warrant on the county general fund for the amount of
said bill.   Respondents having failed and refused to com-
ply with said demand, relator instituted this action for
a peremptory writ of mandamus commanding them to
issue a warrant in his favor, in the sum last aforesaid,

for his salary as deputy county clerk. To obtain a reversal of the judgment of the court below rendered in favor of the relator is the purpose of this proceeding.

By section 42, chapter 28, Compiled Statutes 1893, each county clerk of a county containing a population of over 25,000 inhabitants may be allowed one deputy at a salary of $1,000 per annum, which compensation, it seems, said section requires to be paid out of the fees of the office. After the adoption of said section the legislature of 1893 passed sections 46*d* and 46*c* of said chapter 28 (Session Laws 1893, ch. 18, secs. 1, 2), which read as follows:

"Sec. 46*d*. That in all counties in the state of Nebraska having twenty-five thousand (25,000) inhabitants or over, the county clerk shall be supplied by the board of county commissioners or supervisors with the help necessary for the use of such office, said clerk or help to be paid in the manner hereinafter provided.

"Sec. 46*e*. The salary of such clerks or assistants shall be fixed, allowed, and paid monthly, by the county commissioners or supervisors out of the general fund of the county."

It is under and by virtue of the foregoing provisions that relator claims the right to have his salary paid out of the county general fund. Respondents argue that a deputy county clerk is not a "clerk" or "assistant" within the purview of said sections, and further, that said sections are obnoxious to various constitutional provisions, and therefore void. In our view it is unnecessary at this time to pass upon any of those contentions, since relator is not entitled upon his own showing to the relief demanded. This claim against Gage county for salary has never been allowed by the county board thereof. Not until after a claim is duly audited and allowed is the county clerk and chairman of the county board authorized to draw and issue a warrant therefor. (Compiled Statutes, ch. 18, art. 1, secs. 33, 37. See also section 46*e* quoted above.)

Relator relies upon the following resolution adopted by the board of supervisors of Gage county on July 15, 1893, which was several months before the services were rendered, or the appointment of relator as deputy county clerk was made:

"WHEREAS, Owing to the fact of the infrequent meeting of the board of supervisors, it works a great hardship upon the various employés of the county officers, in getting their pay, who are entitled to receive it from the general fund of the county, by reason of having to discount their accounts and time in advance, in order to get their salaries to live upon, be it therefore

"*Resolved,* That the chairman of the board of supervisors and the clerk of said board are hereby empowered to issue monthly warrants for the amounts due those employés of the various offices of the county who are entitled to receive their pay from the general fund of the county commencing on the first day of August, 1893.

"This applies also to the janitor, county superintendent, and the county attorney at such times that their salaries are due. This resolution does not apply to the salaries of any employés who do not receive their salaries from the general fund of the county.

"*Provided,* That no warrants as aforesaid shall be drawn by the chairman for any salaries unless the same is fixed by the statute or has been fixed by this board."

The foregoing falls very far short of meeting the requirements of the statute relating to the auditing and adjusting of claims by county boards. The law does not contemplate the auditing of a demand until after the items or services therein charged have been actually furnished or rendered. Manifestly such is the import of said section 37. Moreover, a county board cannot delegate to its chairman and clerk, jointly or singly, the power to examine and pass upon claims against the county, any more than the board can confer the authority to do so upon the sheriff or the janitor of the court house. The action upon a claim must be by the county board

when in lawful session. We must not be understood as deciding that the board of supervisors of a county may not refer claims to a committee composed of one or more of its members for investigation and report; but in such case the board itself must take final action thereon by adopting or rejecting the report or recommendation of the committee. For the reasons stated the writ should have been denied. The judgment is

REVERSED.